UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WESTERN MICROSYSTEMS, INC.,

        Plaintiff,

        v.                                No.3:04-cv-1287-J-12TEM

NATHANIEL PIERSALL,

        Defendant.

---

## ORDER

This cause is before the Court on the Defendant's "Motion to Dismiss Plaintiff's Amended Complaint or, in the Alternative to Transfer ..." (Doc.30), filed November 22, 2005. The Plaintiff's memorandum of law in opposition to the motion (Doc.33), was filed December 16, 2005.

The Plaintiff's Amended Complaint (Doc. 22) asserts claims against the Defendant for misappropriation of trade secrets and breach of an employment contract. In order to establish personal jurisdiction over the Defendant pursuant to Florida's long-arm jurisdiction statute, §48.193, the Plaintiff asserts that the Defendant accessed and copied confidential information either while he was physically located in Florida during his employment with the Plaintiff, or by remotely accessing such information stored at the Plaintiff's place of business in Florida by means of computer. The Plaintiff also asserts that the Defendant breached his employment contract with the Plaintiff by failing to return all tangible materials embodying confidential information to the Plaintiff's place of business

in Florida.[1]

The Plaintiff's Amended Complaint (Doc.22) also asserts that jurisdiction and venue are appropriate in Florida pursuant to the paragraph 13 of the employment contract (Doc.22, Exh.A). The Defendant's employment contract states:

> Any action brought by either party hereunder shall be brought only in a court having subject matter jurisdiction and located in Duval County, Florida, and each party hereto irrevocably consents to such choice of venue for so long as this Agreement, or the obligation of any party hereunder, remains in effect. Each party specifically waives any plea of jurisdiction or venue as not being resident of such county or any defense or claim based upon venue or forum non conveniens. The parties acknowledge that this provision has been separately bargained for and constitutes consideration for the mutual promises contained herein.

The Defendant seeks dismissal of the Amended Complaint pursuant to Fed.R.Civ.P 12(b)(2) for lack of personal jurisdiction, or alternatively, pursuant to 28 U.S.C. § 1404(a), transfer to the United States District Court for the District of Hawaii where the Defendant resides.

The Court is of the opinion that the Amended Complaint sets forth sufficient contacts with this jurisdiction to meet the requirements for personal jurisdiction under the Florida long-arm statute and to establish minimum contacts with this jurisdiction to meet due process requirements. Moreover, the choice of forum provision in the Defendant's employment contract is clear and unambiguous in establishing the Defendant's consent

---

[1] In his response, the Defendant denies many of the jurisdictional and substantive allegations set forth in the Amended Complaint. At this stage of the proceedings, the Court must determine whether the allegations in the Amended Complaint set forth a sufficient basis for the exercise of personal jurisdiction and need not resolve factual disputes.

to personal jurisdiction in this Court for matters arising under the employment contract.

"The validity of a forum selection clause is determined under the usual rules governing the enforcement of contracts in general." P&S Business Machines, Inc. v. Canon USA, Inc., 331 F.3d 804, 807 (11th Cir. 2003), citing In re Ricoh Corp., 870 F.2d 570, 573-74 (11th Cir. 1989). Provisions of a contract should be construed so as to give every provision meaning and an interpretation that gives reasonable meaning to all parts of the contract will be preferred to one that leaves some portions meaningless or renders them surplusage. Florida Polk County v. Prison Health Services, Inc., 170 F.3d 1081, 1084 (11th Cir. 1999).

The Eleventh Circuit has recognized that forum selection clauses in contracts are enforceable in federal courts. P&S Business Machines, 331 F.3d at 807. "[F]orum selection clauses should be enforced unless it is clearly shown that enforcement would be unreasonable or unjust, or that the clause is invalid for such reasons as fraud or overreaching." Citro Florida, Inc. v. Citrovale, S.A., 760 F.2d 1231, 1232 (11th Cir. 1985).

The party opposing the enforcement of the forum selection clause must establish that "the contractual forum is sufficiently inconvenient to justify retention of the dispute." P&S Business Machines, 331 F.3d at 807. Under section 1404(a), the court should consider "the convenience of parties and witnesses" and "the interest of justice," with a choice of forum clause "a significant factor that figures centrally in the district court's calculus." Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988). "Thus while other factors might 'conceivably' militate against a transfer ... the venue mandated by a choice of forum clause rarely will be outweighed by other 1404(a) factors." In re Ricoh, 870 F.2d at 573.

The Court finds that the language of the forum selection clause is clear and unambiguous in requiring all disputes between the Plaintiff and the Defendant arising under the employment agreement to be brought in a court of competent subject matter jurisdiction in Duval County, Florida.  The Court has already determined that the Amended Complaint sets forth a sufficient basis for the exercise of personal jurisdiction over the Defendant.  The Defendant has not established a sufficient factual or legal basis to set aside the valid forum selection clause.  He has not demonstrated that litigation in this Court would be unreasonable or unjust, seriously inconvenient, or that the forum selection clause should not be enforced due to fraud or overreaching.  Nor has the Defendant established that the District of Hawaii is a more appropriate forum.   As a result, the Court finds no basis to set aside the forum selection clause, or to dismiss or transfer this case.

Accordingly, upon review of the matter, it is

**ORDERED AND ADJUDGED**:

That Defendant's  "Motion to Dismiss Plaintiff's Amended Complaint  or, in the Alternative to Transfer ..." (Doc.30) is denied.

**DONE AND ORDERED** this __1 st.__ day of February 2006.

Howell W. Melton
Senior United States District Judge

Copies to:     Counsel of Record

4